IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD RENFROE,<br><br>    Plaintiff,<br><br>vs.<br><br>BURLINGTON CAPITAL PROPERTIES, L.L.C.,<br><br>    Defendant. | 8:25CV707<br><br>**MEMORANDUM AND ORDER** |

   This matter is now before the Court on a Motion seeking a temporary restraining order (the "TRO Motion"), Filing No. 3, and a motion for declaratory judgment (the "Motion for Declaratory Judgment"), Filing No. 4, filed by Richard Renfroe ("Plaintiff"), a non-prisoner. The matter is also before the Court to perform an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).[1]

   For the reasons set forth below, the finds that Plaintiff's Complaint, Filing No. 1, must be dismissed for lack of jurisdiction. As such, the Court shall deny the TRO Motion and Motion for Declaratory Judgment, Filing Nos. 3 & 4, as moot.

   In the TRO Motion and the Complaint, Plaintiff asks this Court to take action to stop ongoing eviction proceedings taking place in state court. *See* Filing Nos. 1 & 3. The jurisdictional question that arises involves the applicability of the *Younger* and *Rooker-Feldman* doctrines, which ultimately preclude this Court from addressing Plaintiff's claims.

---

[1] Plaintiff was granted leave to proceed in forma pauperis on December 10, 2025. *See* Filing No. 7. Therefore, Plaintiff's Complaint is subject to review by this Court pursuant to 28 U.S.C. § 1915(e).

In *Younger v. Harris*, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *See Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996) (citing *Younger*, 401 U.S. at 43–44). There are essentially three issues that must be addressed in determining whether to invoke the *Younger* doctrine, which requires this Court to abstain from intervening in ongoing state court proceedings: (1) whether the action complained of constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *See Middlesex v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If all three questions are answered affirmatively, a federal court should abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Id.* at 435.

Here, Plaintiff's Complaint addresses state court eviction proceedings which Plaintiff seeks to enjoin. *See* Filing No. 1 (alleging that Plaintiff filed a Motion to Stay Execution of a judgment for eviction which was entered by the Douglas County Court in Case No. CI 25-30454 which remains pending). As an initial matter, there is little question the eviction proceedings address important state interests. *See Yah v. LivNow Homes*, LLC, No. 8:25CV121, 2025 WL 713582, at *2 (D. Neb. Mar. 5, 2025) (describing an eviction proceeding as addressing an important state interest). While a judgment has been issued in the state proceedings, the state proceedings remain ongoing as Plaintiff admits a motion to stay execution of the judgment of eviction is currently pending in the state court. *See* Filing No. 1 at 2. As such, the only issue that remains is whether there is an adequate opportunity in the state proceedings to raise constitutional challenges, which also must be answered in

the affirmative. Plaintiff alleges his state court proceedings contained a Fair Housing Act claim both as a defense to the eviction and the claim is raised in his currently pending motion in those same proceedings. *Id.* As such, this Court cannot address Plaintiff's claims under *Younger*.

Moreover, even if the state court proceedings were not still ongoing and instead had proceeded to a final judgment, it is unlikely this Court could exercise jurisdiction over this matter under the *Rooker-Feldman* doctrine. *Rooker-Feldman* prohibits lower federal courts from exercising appellate review of state court judgments. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The *Rooker-Feldman* doctrine generally applies where a case is brought by the losing party in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced, and inviting the district court to review and reject that judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Ultimately, "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citation and internal quotations omitted).

*Rooker-Feldman* is, however, a narrow doctrine that does not extend to a case merely "because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon*, 544 U.S. at 293. Only where the alleged injury for which a plaintiff seeks redress stems directly from the state court judgment itself, *rather than from some separate injury caused by the defendant*, does the federal court have no jurisdiction to review. *Skit Intern., Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) (emphasis added). Therefore, the crucial inquiry in determining if a claim is so

inextricably intertwined with a state judgment that it cannot be heard by a federal court has been explained as hinging upon a determination of "whether the federal plaintiff seeks to set aside a state court judgment or whether he [or she] is, in fact, presenting an independent claim." *Brokaw*, 305 F.3d at 664-65 (citation omitted).

Here, it is almost inevitable that the present action will run afoul of the *Rooker–Feldman* doctrine, if the state court proceedings run to judgment (if they have not already done so). *See Newell v. Rolling Hills Apartments*, 134 F. Supp. 2d 1026, 1040 (N.D. Iowa 2001) (discussing the applicability of the *Rooker-Feldman* doctrine to state eviction proceedings) (citing *Jacobs v. Gear Props.*, 242 F.3d 375, 2001 WL 87440 (8th Cir. Feb. 2, 2001) (table op.); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548 (7th Cir. 1999)). While it is not impossible to circumvent the *Rooker-Feldman* doctrine by, for example, alleging that there was no reasonable opportunity to raise a claim in the state court proceedings, *id.*, Plaintiff has not done so. Instead, he alleges that he brings the instant action because the state courts have yet to address his pending motion to stay execution of the judgment of eviction. Filing No. 1 at 2.

While this Court generally allows amendment of a complaint at least one time, given that Plaintiff's Complaint is a challenge to his state court eviction over which the Court does not have jurisdiction, amending the Complaint would be futile. As a result, Plaintiff's TRO Motion and Motion for Declaratory Judgment, Filing Nos. 3 & 4, are moot and must also be dismissed. *See e.g. Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 523 (10th Cir. 2023) (citing *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004)).

IT IS THEREFORE ORDERED:

1.  Plaintiff's Complaint, Filing No. 1, is dismissed without prejudice.

2. Due to the dismissal of this action, Plaintiff's TRO Motion, Filing No. 3, and his Motion for Declaratory Judgment, Filing No. 4, are denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 16th day of December, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge